**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**BETTY ANDERSON and NANCY J. ROEHL,**
as Personal Representative of the Estate of
James A. Anderson, Deceased,

      **Plaintiffs,**

**- vs. -**                                                                                                  **Civil No. 08-517 RLP/WDS**

**UNITED STATES OF AMERICA,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF ROEHL'S MOTIONS TO FILE AMENDED COMPLAINT**
**AND TO PERMIT TESTIMONY,**
**PERMITTING DEFENDANT TO CONDUCT ADDITIONAL DISCOVERY AND**
**RESCHEDULING TRIAL**

Three Motions filed by Plaintiffs are presently before the court: 1) Motion to File Amended Complaint (Docket No. 75); 2) Motion to Permit Plaintiff Nancy Roehl to Testify (Docket No. 77), and 3) Motion to Permit John Renna to Testify (Docket No. 79). For the reasons stated herein Plaintiffs' Motions are granted.

**I.    Factual Background**

Plaintiffs' action is brought under the Federal Tort Claims Act 28 U.S.C. §2401 et seq. As originally filed, James A. Anderson sued for personal injury and his wife, Betty Anderson, sued for loss of consortium. Their claims arise from alleged negligence by Defendant United States of America in the "maintenance, operation and control of the premises and parking lot at the V.A.'s Albuquerque Medical Center." (Complaint, Docket No. 1, Count III.). Plaintiffs alleged that Mr. Anderson sustained injuries when struck by a truck while walking in a cross walk at the V.A. Medical Center, resulting in personal injuries including the amputation of his leg above the knee. (Complaint, Docket No. 1).

Prior to filing this lawsuit, Mr. and Mrs. Anderson each submitted a Standard Form 95 ("SF95" herein) to the Department of Veteran's Affairs giving notice of his claim for personal injury and her claim for loss of consortium. (Docket No. 81, Exh. B and C).

Mr. Anderson died on January 30, 2009, eleven weeks prior to the close of discovery. (Docket No. 75, ex. 1; Docket No. 25). Plaintiffs did not advise opposing counsel or the Court of Mr. Anderson's death until August 2009. (See Docket No. 62). In the interim, the discovery deadline expired. Plaintiffs explain this delay, stating:

> Under normal circumstances the seven month gap between when Plaintiffs were notified of the cause of Mr. Anderson's death in late February of 2009, when they received Mr. Anderson's death certificate,[1] and when Defendant was notified in August may be considered undue delay. However, here, Mr. Anderson was the father-in-law of Plaintiffs' counsel and during that seven month period Plaintiffs and their counsel were dealing with their grief for the loss of Mr. Anderson and were tending to the execution of his estate, as well as the deteriorating health of Plaintiff Betty Anderson. Under these circumstances, Plaintiffs' delay was not undue.

(Docket No. 88, pp. 3-4).

However, between the date of Mr. Anderson's death, and counsel's disclosure of his death, Plaintiff's counsel actively managed this case. He served Requests for Production (Docket No. 40), set a deposition (Docket No. 41), requested referral for mediation (Dockets No. 43, 44), responded to a Motion to vacate settlement conference (Docket No. 50), settled claims made against the driver of the truck that allegedly struck Mr. Anderson (Docket No. 52), sought an extension of time to respond to Defendant's Motion to Dismiss or for Summary Judgment (Docket No. 56), and responded to Defendant's Motion to Dismiss or for Summary Judgment (Docket No. 57).

---

[1] Mr. Anderson's death certificate identifies cause of death as "a. Pulmonary Embolus, b. Leg Amputation, c. Motor Vehicle Accident." (Docket No. 75, Ex. 1).

## II.     Pretrial Order

Pursuant to the Scheduling Order governing this case, Plaintiff was to submit his portion of the Pretrial Order to Defendant on or before August 10, 2009. (Docket No. 25). The Court presumes that he did so. Defendant then submitted the Proposed Pretrial Order to the Court. (Docket No. 63). The Proposed Pretrial Order states Plaintiff seeks damages for wrongful death and loss of consortium (Docket 66, at 2), and lists Nancy Roehl and John Renna as witnesses. (Id. at 6, 10). Defendant did not note any objection to inclusion of the wrongful death claim or the addition of Ms. Roehl and Mr. Renna as witnesses in the Pretrial Order that was submitted to the Court. The Pretrial Order governing this case was subsequently entered on September 22, 2009, five months after the close of discovery. (Docket No. 66).

The Pretrial Order also states that it "will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein." Id. at 15. The Tenth Circuit case law states that "[a] pretrial order controls the subsequent course of the suit unless the trial court modifies it to prevent manifest injustice." **United Phosphorus, Ltd. v. Midland Fumigant, Inc.,** 205 F.3d 1219, 1235 (10th Cir.2000)**; Rock Island Imp. Co. v. Helmerich & Payne, Inc.**, 698 F.2d 1075, 1081 (10th Cir.), cert. denied, 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1302 (1983).

Trial in this case is currently scheduled for May 27, 2010. (Docket No. 70).

## III.    Motion to Amend

Plaintiffs filed the Motion to Amend to include a claim for wrongful death of Mr. Anderson on January 8, 2010. The Proposed Amended Complaint also deletes the claims made against the driver of the truck.

Defendant objects to the amendment on two grounds. First, Defendant argues that

3

permitting the amendment would be futile because the wrongful death claim would be subject to dismissal for lack of jurisdiction as Plaintiffs have not submitted an SF95 specifically raising this claim. Second, Defendant argues that Plaintiffs' are responsible for undue delay in bringing this motion, the granting of which will cause undue prejudice to Defendant.

### A.     Jurisdiction to Consider the Wrongful Death Claim

The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit. **Trentadue v. United States**, 397 F.3d 840, 852 (10th Cir.2005). A plaintiff who sues under the FTCA must comply with the statute's notice requirements, which are jurisdictional, cannot be waived, and must be strictly construed. Id. (citation omitted). "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government [first] be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Id. (citations omitted). The purpose of the notice requirement is to " 'allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim.' " Id. (quoting **Mellor v. United States**, 484 F.Supp. 641, 642 (D.Utah 1978)). In accordance with that purpose, although a plaintiff's administrative claim "need not elaborate all possible causes of action or theories of liability," it must provide notice of the "facts and circumstances" underlying the plaintiff's claims. Id. at 853.

In **Staggs v. U.S.** , 425 F.3d 881 (10th Cir. 2005), the Tenth Circuit held that in the context of a medical malpractice claim, there was no jurisdiction to consider plaintiff's subsequently asserted claim of lack of informed consent.  In that case, the plaintiff's SF95 included a lengthy and detailed description of her claim, which did not implicate in any way a claim of lack of informed consent.  The Tenth Circuit stated: " [G]iven the length and factual specificity of (plaintiff's)

description of her claim without a mention of "consent" or a suitable synonym, DHHS could have reasonably concluded that a claim of lack of informed consent was not intended and that an investigation into lack of informed consent was unnecessary." **Staggs**, 425 F.3d at 885.

The present case, however, is different. Plaintiffs did not file a wrongful death claim initially for obvious reasons. Mr. Anderson had not died. The purpose of the SF95 is to describe a claimant's injury to enable the agency to begin its own investigation. **Staggs**, 425 F.3d at 884. Mr. Anderson's death is not the operative fact upon which liability rests. The SF95 previously filed acquainted Defendant with the incident out of which the present lawsuit evolved. No additional investigation of the accident at issue is implicated by reason of Mr. Anderson's death. Requiring the Plaintiff to file a second and nearly identical claim following Mr. Anderson's death runs contrary to the purposes of section 28 U.S.C. § 2675(a) and disregards the substance of this case and the function of section 2675(b). **Nelson v. U.S.**, 541 F.Supp. 816 (D.C.N.C. 1982) (In claim brought under FTCA, when claimant died during pendency of litigation, her executor was not required to file second administrative claim asserting wrongful death).

Accordingly, I find that I do have jurisdiction over Plaintiffs' claims of wrongful death, and that permitting the requested amendment would not be a futility.

### B.   F.R.Civ.P. 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, " a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for

>the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

**Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1365-66 (10th Cir.1993)(internal citations, quotation marks, and bracket omitted).

In this case, it is apparent to the court that Plaintiffs have no excuse for failing to advise the court and opposing counsel of Mr. Anderson's death in a timely manner. It is difficult, however, to see what advantage Plaintiffs obtained thereby.

Defendant may suffer some prejudice in terms of additional discovery it feels it may need to conduct in light of Mr. Anderson's death. This prejudice may be remedied by permitting a limited reopening of discovery, permitting Defendant to take what ever additional discovery it deems necessary.

## II.   Testimonial witnesses

It is undisputed that Nancy Roehl and John Renna were not disclosed as witnesses prior to close of discovery in this case. They were first disclosed in the Proposed Pretrial Order exchanged by the parties in September 2009.

Nancy Roehl's anticipated testimony is described as follows in the Pretrial Order: "Mrs. Roehl is the daughter of Plaintiffs and may testify regarding the circumstances surrounding the accident and the injuries Plaintiffs suffered.[2]  Mrs. Roehl may testify regarding other matters as well." (Id. at 6-7). Plaintiff listed two other witnesses whose anticipated testimony is described identically to that of Mrs. Roehl, Plaintiffs' sons, Jerry Meyers and James Meyers. (Id. at 8). John

---

[2] In their Reply brief, Plaintiffs' elaborated on Mrs. Roehl's anticipated testimony, and attached affidavits of Betty Anderson and Nancy Roehl. By waiting to supply evidentiary material with their Reply brief, rather than with their Motion, Plaintiffs' violated D.N.M. LR-7.3(b). Plaintiffs and their counsel are cautioned not to repeat this error in the future.

Renna's anticipated testimony was described as follows in the Pretrial Order: "Mr. Renna is a physical therapist at the Albuquerque VA Medical Center and treated Plaintiff James A. Anderson. Mr. Renna may testify regarding that treatment, Plaintiff's injuries and other matters." (Id. At 10). Plaintiff listed eight other witnesses who would testify as to Mr. Anderson's injuries, Gerald Demarest, III, Betty Anderson, Jerry Meyers, James Meyers, Linda Marquez, Whitney Hansen, Fay Hansen, and Kevin Calt. (Id. at 7-10). Plaintiff listed two other witness who would testify as to Mr. Anderson's treatment, Jerry Becker, M.D., and Rick Forrester, a doctor at the VA, (Id. at 9-10)

There is absolutely nothing about Mrs. Roehl's or Mr. Renna's proposed testimony that should not have been anticipated by Plaintiffs in their initial disclosures. On the other hand, the purported content of Mrs. Roehl's and Mr. Renna's testimony is identical to that of other witnesses Plaintiffs did timely identify.

"Generally there is minimal prejudice if the party still has an opportunity to depose the recently designated witness." **Negrete v. Maloof Distributing L.L.C.,** (Slip copy) 2007 WL 6364904, *14 (D.N.M. 2007), citing **Moss v. Feldmeyer**, 979 F.2d 1454, 1459 (10th Cir.1992)(holding no prejudice or surprise existed when plaintiff was aware of experts' testimony because one had been designated two weeks before trial, she received a summary of both experts' reports before their trial testimony, both were available for discovery before testifying, and the plaintiff chose only to depose one of the experts.). The Tenth Circuit has advised district courts that the timing of the introduction of testimony "in relation to commencement of trial is an important element in analyzing whether [it] would cause prejudice or surprise." **Davey v. Lockheed Martin Corp.**, 301 F.3d 1204, 1210-11 (10th Cir.2002). The court believes that it can cure any prejudice by allowing Defendant to depose Ms. Roehl. and Mr. Renna.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion to Amend the Complaint (Docket No. 75) is granted.

2. Plaintiff's Motion to permit Nancy Roehl to testify (Docket No. 77) is granted.

3. Plaintiff's Motion to permit John Renna to testify (Docket No. 79) is granted.

4. Discovery is hereby reopened for the limited purpose of permitting Defendant to take what ever additional discovery it deems necessary, and to and designate any additional witnesses it deems necessary. **Such discovery shall be completed on or before April 30, 2010.**

**IT IS FURTHER ORDERED** that to accommodate the additional discovery, the May 20, 2010 trial setting in this matter is **VACATED**. **Trial will be reschedule for June 7, 2010.** A Minute Order setting Trial and all other relevant trial deadlines will be filed separately.

**IT IS SO ORDERED**.

RICHARD L. PUGLISI
Chief United States Magistrate Judge
(sitting by designation)