IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BETTY ANDERSON and NANCY J. ROEHL,**
as Personal Representative of the Estate of
James A. Anderson, Deceased,

      Plaintiffs,

vs.                                                   Civil No. 08-517 RLP/WDS

**UNITED STATES OF AMERICA,**

      Defendant.

## ORDER

**THIS MATTER** comes before the Court on the oral motion made at trial by Defendant to exclude a portion of the testimony of Gerald Demarest, M.D. For the reasons stated herein, the Motion is granted.

This action initially asserted negligence claims for personal injury stemming from a pedestrian/motor vehicle accident which occurred on May 24, 2007. Plaintiffs named Gerald Demarest, M.D., one of Mr. Anderson's treating physicians, as an expert witness. In the Joint Status Report filed October 21, 2008, Plaintiff stated that Dr. Demarest would testify as to care and treatment of Mr. and Mrs Anderson. No further explanation of his testimony was provided. (Docket 22). In the Pretrial Order filed September 22, 2009, Dr. Demarest was identified as a trauma surgeon who would provide testimony regarding Plaintiffs' injuries and "other matters." (Docket No. 66). Those matters were not described. Plaintiffs moved to amend the Complaint on January 8, 2010, asserting that Mr. Anderson, who had died on January 20, 2009, died as a result of his injuries. (Docket No. 75). This motion was granted on February 17, 2010. (Docket No. 93). A second Pretrial Order was filed on October 12, 2010. (Tr. 109). Dr. Demarest was again identified as a trauma surgeon who would testify about Plaintiffs' injuries, and other undefined

topics.

Dr. Demarest prepared a report prior to Mr. Anderson's death stating that his injuries would shorten his life expectancy. At no time, however, was Dr. Demarest identified as an expert witness who would provide testimony as to the cause of John Anderson's death 20 months after the accident at issue, and at no time was an amended or supplemental report reflecting an opinion as to Mr. Anderson's cause of death submitted pursuant to F.R.Civ.P. 26.

The Federal Rules of Civil Procedure require an expert witness to prepare a report containing a "complete statement of all opinions to be expressed and the basis and reasons for them...." Fed.R.Civ.P. 26(a)(2)(B). A party's failure to disclose the identity of an expert witness or provide a timely expert report requires the court to automatically exclude expert testimony unless the violation of Rule 26(a)(2) was justified or was harmless under the circumstances. Fed.R.Civ.P. 37(c)(1); **Jacobsen v. Deseret Book Co.**, 287 F.3d 936, 951-52 (10th Cir.2002). A court may exclude specific opinions or bases for the expert's opinions that were not fairly disclosed in the expert's report. **Keach v. United States Trust Co.**, 419 F.3d 626, 641 (7th Cir.2005).

The Tenth Circuit has identified four factors to determine whether a violation of Rule 26(a)(2) was harmless or justified: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. **Woodworker's Supply, Inc., v. Principal Mut. Life Ins. Co.**, 170 F.3d 985, 993 (10th Cir.1999). I find that under the criteria set forth in **Woodworker's Supply,** the opinion of Dr. Demarest as to Mr. Anderson's cause of death should be excluded.

First, I find that Defendant was prejudiced by Plaintiffs' failure to disclose in a timely fashion Dr. Demarest's expanded opinion. Mr. Anderson died some 20 months after his injuries

were sustained. According to testimony at trial, during that time he completed vigorous physical therapy, learned to walk with a prosthesis and to drive a van utilizing one leg, and operated a motor scooter. In view of this history, Defendant was entitled to be advised in a timely manner of the specifics of any admissible expert testimony that would link Mr. Anderson's death to the accident at issue. Without such notification, Defendants were deprived of the opportunity to conduct appropriate discovery and obtain witnesses to counter this testimony.

Second, I find that Defendant did not have the opportunity to cure the prejudice. Dr. Demarest's expanded opinion was disclosed at or immediately prior to trial. There was no opportunity for Defendant to test his opinion and to seek contrary evidence. Plaintiff contends that Defendant should have, in effect, read between the lines and assumed that Dr. Demarest would offer testimony at to cause of death. This position is contrary to the requirements of F.R.Civ.P. 26(e)(1).

Third, I find that the trial in this matter would have been disrupted were the court to permit the testimony of Dr. Demarest to stand. Fundamental fairness would require that Defendant be given the opportunity to redepose Dr. Demarest, and time to retain and consult additional experts.

Fourth, while I do not find any bad faith in Plaintiffs' failure to disclose, I do find there is an element of willfulness involved. Plaintiffs knew as of or shortly after Mr. Anderson's death that they intended to claim that the accident of May 24, 2007 proximately caused his death. They also knew that if they chose to present expert testimony on this issue, they were required to provide an appropriate and timely disclosure. They ignored their obligation under F.R.Civ.P. 26(e)(1) to make appropriate and timely disclosures.

Accordingly, the opinion testimony of Dr. Demarest regarding the cause of death of James

Anderson is excluded.[1]

**IT IS SO ORDERED.**

      Richard L. Puglisi
Chief United States Magistrate Judge
(Sitting by designation)

---

[1] Although Dr. Demarest's expert opinion regarding cause of death is excluded for the reasons stated herein, the court did admit Mr. Anderson's death certificate as a public record pursuant to F.R.Evid. 803(8).